IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

CIGDEM SUMBAS,

    Plaintiff,

vs.

TNC (US) HOLDINGS, INC.
dba THE NIELSEN COMPANY, INC.
aka NIELSEN MEDIA RESEARCH, INC.
a Foreign Corporation,

    Defendant.

CASE NO.:

## COMPLAINT

Plaintiff, CIGDEM SUMBAS, by and through her undersigned counsel, hereby sues the Defendant, TNC (US) HOLDINGS, INC. dba THE NIELSEN COMPANY, INC. aka NIELSEN MEDIA RESEARCH, INC. and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $15,000.00 (Fifteen Thousand Dollars).

2. Plaintiff, CIGDEM SUMBAS ("Sumbas"), is a resident of Pinellas County, Florida.

3. At all times material, Defendant, TNC (US) HOLDINGS, INC. dba THE NIELSEN COMPANY, INC. aka NIELSEN MEDIA RESEARCH, INC. ("Nielsen"), was organized as a Foreign corporation and was licensed and authorized to conduct business in the State of Florida. At all material times, Defendant maintained a facility in Oldsmar, Pinellas County.

### ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to bringing this action have occurred.

5. Plaintiff timely filed a charge of discrimination against Defendant, NIELSEN, with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"). **(Exhibit A)**

6. More than 180 days have passed since the filing of charge. Plaintiff has received a Right to Sue. **(Exhibit B)**

7. Defendant is an employer as defined by the laws under which this action are brought and employ the required number of employees.

## PARTIES

8. Plaintiff, SUMBAS, is a resident of Pinellas County and at all times material was employed by Defendant as a Field Scheduler at Defendant's Oldsmar, Florida facility.

9. Defendant, NIELSEN, is a foreign corporation, licensed and authorized to conduct business in the State of Florida and doing business within Pinellas County.

## GENERAL ALLEGATIONS

10. At all times material, Defendant, NIELSEN, acted with malice and with reckless disregard for Plaintiff's Federal and State protected rights.

11. At all times material, Plaintiff, SUMBAS, was qualified to perform her job duties within the legitimate expectations of her employer.

12. Plaintiff, SUMBAS, has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

13. Plaintiff, SUMBAS, requests a jury trial for all issues so triable.

## FACTS

14. Sumbas began working for Defendant on or about November 27, 2006.

15. Sumbas has a serious medical condition of which Defendant was aware.

16. In or around July 2010, Sumbas learned she was pregnant. Due to her serious medical condition, her pregnancy was considered "high risk."

17. Sumbas informed her supervisor, Carolyn Paddock ("Paddock"), of her pregnancy and its "high risk" nature. Shortly after informing Defendant of her pregnancy, Sumbas received her worst performance evaluation to date.

18. During her first trimester, Sumbas was hospitalized for severe dehydration. Sumbas used a combination of sick days and vacation days to cover her absences due to illness and hospitalization. Despite Defendant's knowledge of Sumbas' serious medical condition and pregnancy complications, Defendant never informed her of or discussed with her eligibility for leave under the Family Medical Leave Act (FMLA).

19. Upon her return to work from her hospitalization, Sumbas was baselessly written up by Paddock. At the time of the write-up, Paddock told Sumbas now that she [Sumbas] was pregnant she [Sumbas] would not be able to focus on work.

20. In or around November or December 2010, all Field Schedulers were called to a meeting by Kathy Elliot ("Elliot") and Al Braun ("Braun") and were told that all Field Schedulers would now be called "Field Relationship Specialists," and this was a change in title only. In addition, all Field Relationship Specialist positions were being made full-time and additional Field Relationship Specialists were going to be hired/added to the team. At this meeting, Sumbas and her co-workers were reassured that no one was going to lose his or her job and all Field Schedulers would be transitioned to Field Relationship Specialists; however, everyone would have to interview for the new position as a formality.

21. On or around January 6, 2011, Sumbas received an email stating that she

was not selected for the position of Field Relationship Specialist and that Defendant was intending to fill the position with someone who better fit the needs of the position. On the same day, Sumbas was presented with a memo notifying her that her position of Field Scheduler had been eliminated and she was terminated.

22. Sumbas was the only Field Scheduler terminated.

## COUNT I
## FAMILY MEDICAL LEAVE ACT INTERFERENCE

23. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 22.

24. Plaintiff is an individual entitled to protection under the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, *et seq*.

25. Plaintiff is an employee within the meaning of the FMLA.

26. Plaintiff suffered from a serious health condition within the meaning of the FMLA, of which Defendant had knowledge.

27. Defendant failed to notify Plaintiff of her eligibility to take FMLA leave.

28. Defendant's actions interfered with Plaintiff's lawful exercise of her FMLA rights and constitute violations of the FMLA.

29. As a result of Defendant's unlawful actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff, CIGDEM SUMBAS, prays the following damages against Defendant, TNC (US) HOLDINGS, INC. dba THE NIELSEN COMPANY, INC. aka NIELSEN MEDIA RESEARCH, INC.:

    a. Back pay and benefits;

    b. Monetary losses sustained as a direct result of the FMLA violation;

    c. Interest;

  d.  Liquidated damages;

  e.  Attorneys fees and costs;

  f.  Equitable relief;

  g.  Such other relief as is permitted by law.

## COUNT II
## TITLE VII – PREGNANCY DISCRIMINATION

30. Plaintiff realleges and adopts the allegations stated in Paragraphs 1-22.

31. Plaintiff is a member of a protected class under Title VII.

32. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her pregnancy in violation of Title VII of the Civil Rights Act.

33. Defendant knew, or should have known of the discrimination.

34. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, CIGDEM SUMBAS, prays the following damages against Defendant, TNC (US) HOLDINGS, INC. dba THE NIELSEN COMPANY, INC. aka NIELSEN MEDIA RESEARCH, INC.:

  a.  Back pay and benefits;

  b.  Interest on back pay and benefits;

  c.  Front pay and benefits;

  d.  Compensatory damages for emotion pain and suffering;

  e.  Attorney's fees and costs;

  f.  Injunctive relief; and

  g.  Such other relief this Court deems just and equitable.

## COUNT III
## FCRA– PREGNANCY DISCRIMINATION

35. Plaintiff realleges and adopts the allegations stated in Paragraphs 1-22.

36. Plaintiff is a member of a protected class under the Florida Civil Rights Act.

37. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her pregnancy in violation of Florida Civil Rights Act.

38. Defendant knew, or should have known of the discrimination.

39. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, CIGDEM SUMBAS, prays the following damages against Defendant, TNC (US) HOLDINGS, INC. dba THE NIELSEN COMPANY, INC. aka NIELSEN MEDIA RESEARCH, INC.:

 a. Back pay and benefits;

 b. Interest on back pay and benefits;

 c. Front pay and benefits;

 d. Compensatory damages for emotion pain and suffering;

 e. Attorney's fees and costs;

 f. Injunctive relief; and

 g. Such other relief this Court deems just and equitable.

## COUNT IV
## TITLE VII AMERICANS WITH DISABILITIES ACT

40. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 22.

41. Plaintiff is a member of a protected class under Title VII.

43. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her known disability, and/or because the Defendant regarded her as having a disability, and/or because of Plaintiff's record of having a disability in violation of the Title VII Americans with Disabilities Act.

44. Defendant knew, or should have known of the discrimination.

45. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, CIGDEM SUMBAS, prays the following damages against Defendant, TNC (US) HOLDINGS, INC. dba THE NIELSEN COMPANY, INC. aka NIELSEN MEDIA RESEARCH, INC.:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotion pain and suffering;

    e.    Attorney's fees and costs;

    f.    Injunctive relief; and

    g.    Such other relief this Court deems just and equitable.

## COUNT V
## FCRA - DISABILITY

46. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 22.

47. Plaintiff is a member of a protected class under the Florida Civil Rights Act.

48. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her known

disability, and/or because the Defendant regarded her as having a disability, and/or because of Plaintiff's record of having a disability in violation of the Florida Civil Rights Act.

49. Defendant refused to accommodate Plaintiff's request for reasonable accommodation on the basis of her disability.

50. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, CIGDEM SUMBAS, prays the following damages against Defendant, TNC (US) HOLDINGS, INC. dba THE NIELSEN COMPANY, INC. aka NIELSEN MEDIA RESEARCH, INC.:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

d. Compensatory damages for emotion pain and suffering;

    e. Attorney's fees and costs;

    f. Injunctive relief; and

    g. Such other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated this 10th of August, 2011.

FLORIN ROEBIG, P.A.

_____
**WOLFGANG M. FLORIN, ESQUIRE**
FL Bar No.: 907804
**LINDSEY C. KOFOED, ESQUIRE**
FL. Bar No.: 63956
777 Alderman Road
Palm Harbor, Florida 34683
Telephone No.: (727) 786-5000
Facsimile No.: (727) 772-9833
Attorneys for Plaintiff