UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CIGDEM SUMBAS,

    Plaintiff,

vs.

TNC (US) HOLDINGS, INC. d/b/a THE NIELSEN COMPANY, INC., a/k/a NIELSEN MEDIA RESEARCH, INC., a foreign corporation,

    Defendant.

CASE NO. 8:11-cv-2074-T-27TBM

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, TNC (US) HOLDINGS, INC. [1](hereafter "Defendant"), hereby files its Answer and Affirmative Defenses to the First Amended Complaint filed in the above-styled action by Plaintiff, CIGDEM SUMBAS ("Plaintiff"), and states:

### JURISDICTION AND VENUE

    1.    Admitted only that Plaintiff alleges this is an action for damages in excess of $15,000.00. Otherwise, denied.

    2.    Without knowledge; and, therefore, denied.

    3.    Denied.

---

[1] Plaintiff has listed the wrong entity as her employer and the entity that she has sued does not operate with the d/b/a and a/k/a that she identifies. Defendant's counsel has informed Plaintiff's counsel that the correct entity is The Nielsen Company (US), LLC.

## ADMINISTRATIVE PREREQUISITES

4. Without knowledge; and, therefore, denied.

5. Admitted only that Exhibit A speaks for itself. Otherwise, without knowledge; and, therefore, denied.

6. Admitted only that Exhibit B speaks for itself. Otherwise, without knowledge; and, therefore, denied.

7. Denied that Defendant TNC (US) HOLDINGS, INC. was Plaintiff's employer. THE NIELSEN COMPANY (US), LLC was Plaintiff's employer.

## PARTIES

8. Admitted only that THE NIELSEN COMPANY (US), LLC employed Plaintiff as a Field Scheduler at its Oldsmar facility. Otherwise, denied.

9. Admitted only that THE NIELSEN COMPANY (US), LLC is a foreign corporation, licensed and authorized to conduct business in the State of Florida and doing business within Pinellas County. Otherwise, denied.

## GENERAL ALLEGATIONS

10. Denied.

11. Denied.

12. Without knowledge; and, therefore, denied.

13. Admitted only that Plaintiff requests a jury trial for all issues so triable.

## FACTS

14. Admitted only that Plaintiff began work on February 19, 2007. Otherwise, denied.

15. Denied.

16. Without knowledge; and, therefore, denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

## COUNT I
## FAMILY MEDICAL LEAVE ACT INTERFERENCE

23. Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 22 of the Complaint as if fully set forth herein.

24. Without knowledge; and, therefore, denied.

25. Denied that Plaintiff was an employee of this Defendant.

26. Denied.

27. Denied that Defendant violated the FMLA.

28. Denied that Defendant violated the FMLA.

29. Denied.

## COUNT II
## TITLE VII – PREGNANCY DISCRIMINATION

30. Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 22 of the Complaint as if fully set forth herein.

31. This legal conclusion requires no response.

32. Denied.

33. Denied.

34. Denied.

## COUNT III
## FCRA – PREGNANCY DISCRIMINATION

35. Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 22 of the Complaint as if fully set forth herein.

36. This legal conclusion requires no response.

37. Denied.

38. Denied.

39. Denied.

## COUNT IV
## TITLE VII AMERICANS WITH DISABILITIES ACT (SIC)

40. Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 22 of the Complaint as if fully set forth herein.

41. This legal conclusion requires no response.

42. There is no paragraph 42 in the Amended Complaint; therefore, no response is required.

43. Denied.

44. Denied.

45. Denied.

## COUNT V
## FCRA – DISABILITY

46. Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 22 of the Complaint as if fully set forth herein.

47. This legal conclusion requires no response.

48. Denied.

49. Denied.

50. Denied.

51. Any unanswered averments are denied.

## AFFIRMATIVE DEFENSES

In addition to the foregoing admissions and denials, Defendant asserts the following Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted as Defendant was not an employer of Plaintiff as that term is defined under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, Title VII of the Civil Rights Act ("Title VII"), as amended by the Pregnancy Discrimination Act of 1979, 42 U.S.C. §2000(c), or the Florida Civil Rights Act ("FCRA").

### Second AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted because pregnancy-based discrimination claims are not covered by the FCRA.

### Third AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted under either Title VII or the FCRA because Plaintiff cannot prove that, but for her pregnancy, Defendant would not have made the employment decision at issue.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's right to recovery is barred to the extent that she has failed to exhaust and/or comply with all statutory and administrative conditions precedent to bringing this action.

### FIFTH AFFIRMATIVE DEFENSE

Any acts of alleged discrimination not contained in a proper and timely filed employment discrimination charge are barred as a matter of law and are not actionable.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any relief under the ADA, Title VII or the FCRA for any alleged conduct occurring more than either 300 or 365 days before Plaintiff filed a charge of discrimination with the appropriate governmental agency.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims under the FMLA are barred to the extent that she failed to comply with the provisions in 29 C.F.R. § 825.300, *et seq.* and/or Defendant's personnel policies.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff cannot state a claim under the FMLA because she has not identified a recognized "serious health condition" which would qualify her for leave.

### NINTH AFFIRMATIVE DEFENSE

All personnel actions affecting Plaintiff's employment were based on legitimate, non-discriminatory business reasons completely unrelated to Plaintiff's health condition, pregnancy, or any exercise or attempted exercise of her rights under the FMLA.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff cannot state a claim under the ADA or the FCRA because the condition of pregnancy is not considered a disability under those Acts and Plaintiff has not identified any other alleged disability.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the ADA and the FCRA to the extent that she failed to request or to identify a reasonable accommodation which would not create an undue burden.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff cannot state a claim under the ADA or the FCRA for disability discrimination because she failed to provide Defendant with the required notice, medical certification, and requested documentation.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover any liquidated damages because any actions by Defendant affecting Plaintiff's employment were based on legitimate non-discriminatory

reasons and were made in good faith and Defendant had reasonable grounds to believe that there was no violation of the FMLA.

### FOURTEENTH AFFIRMATIVE DEFENSE

Assuming Plaintiff could meet her burden of proving that her alleged need to exercise FMLA rights or alleged retaliation was a substantial and motivating factor in the decision to terminate her, which Defendant denies, Defendant would have made and did make the same decision based on legitimate non-discriminatory reasons.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff may have failed to mitigate damages, if any. To that extent, Plaintiff may not recover from Defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE

Any back pay, front pay or other damages to which Plaintiff claims she is entitled must be offset by any interim earnings and benefits that Plaintiff has received or will receive in the future.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to some or all of the relief requested in the Amended Complaint because Defendant's actions were not malicious, egregious, in bad faith, wanton, or in willful or reckless indifference to any legal rights of Plaintiff.

### EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent that evidence is discovered that would have given Defendant a basis for termination of Plaintiff's employment distinct from the actual reason Plaintiff was terminated, such evidence may bar part or all of Plaintiff's claims for relief.

The foregoing defenses are based on facts currently known to Defendant. Defendant reserves the right to amend or add defenses based on facts later discovery, pled or offered.

WHEREFORE, Defendant respectfully requests that the Court dismiss Plaintiff's First Amended Complaint with prejudice, and enter judgment in Defendant's favor, and award Defendant its costs, attorney's fees, and any other relief that this Court deems appropriate.

Dated this 30th day of September, 2011.

By: /s/ Cathy J. Beveridge
Cathy Beveridge
Florida Bar No. 831018
FOWLER WHITE BOGGS P.A.
501 E. Kennedy Blvd, Suite 1700
Tampa, FL 33602
Tel: (813) 222-1145
Fax: (813) 229-8313
Email: cbeveridge@fowlerwhite.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of September, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Wolfgang M. Florin, Esquire
Lindsey C. Kofoed, Esquire
Florin, Roebig, P.A.
777 Alderman Road
Palm Harbor, FL 34683

/s/ Cathy J. Beveridge
Cathy J. Beveridge

43523863v1